UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 05-07 |
| MORRIS STEWARD | SECTION "N" (2) |

# REPORT AND RECOMMENDATION

On December 17, 2008, the United States Fifth Circuit Court of Appeals granted the motion of defendant, Morris Steward, to remand this case to this court "for the limited purpose of determining whether [defendant's] late filing [of his appeal] is due to good cause or excusable neglect." Record Doc. No. 39. Thereafter, on January 27, 2009, the presiding district judge referred the matter to me for report and recommendation. Record Doc. No. 41. I issued a briefing order. Record Doc. No. 42. In response to my order, defendant filed a pro se Motion to Extend Deadline to File Appeal, Record Doc. No. 45, and his appointed counsel filed a Memorandum in Support of His Request to Extend Time to File Notice of Appeal. Record Doc. No. 44. The United States filed a memorandum in opposition. Record Doc. No. 46.

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
> the entry of either the judgment or the order being appealed; or
> the filing of the government's notice of appeal.

* * *

>     Upon a finding of excusable neglect or good cause, the district court may–before or after the time has expired, with or without motion and notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(1)(A) and 4(b)(4).

In <u>United States v. Clark</u>, 51 F.3d 42 (5th Cir. 1995), the Fifth Circuit held that the decision of the United States Supreme Court in <u>Pioneer Inv. Services, Co. v. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380, 113 S.Ct. 1489 (1993), "controls determinations of excusable neglect under Rule 4(b)." The court further stated:

> In <u>Pioneer</u>, the Supreme Court <u>flexibly</u> interpreted the excusable neglect standard . . . . The Court rejected the argument that excusable neglect was limited to errors caused by circumstances beyond the late-filing party's control, concluding that the concept of neglect is "somewhat <u>elastic</u>" and may include "inadvertent delays." . . . . In determining whether a party's neglect is excusable, the Court emphasized the <u>equitable</u> nature of the inquiry, which takes into account the following circumstances:
>> 'the danger of prejudice . . . the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.
>
> The Court then found excusable neglect because the late-filing party's failure to meet the deadline was attributable at least in part to a "dramatic ambiguity" in the bankruptcy court's peculiar, misleading, and inconspicuous notification of the bar date (emphasis added).

<u>Id.</u> at 43-44. The Fifth Circuit has characterized the "good cause" standard of FRAP 4(b) as "more lenient" than the "excusable neglect" component of the Rule. <u>Allied Steel v. City of Abilene</u>, 909 F.2d 139, 143 n. 3 (5th Cir. 1990).

Applying the foregoing standards to the facts established by the record in this case, I find that defendant's slight delay in filing his notice of appeal, coupled with the promptness and timeliness of his request for an extension of time to do so, constitute excusable neglect and/or good cause under the particular circumstances presented by this case for the following reasons.

On February 25, 2008, the chief judge of this court issued a general order entitled "In re: Retroactive Application of November 1, 2007 Amendment to Crack Offense Level Guidelines." The order appointed the Federal Public Defender of this district "to represent any defendant who has filed a pro se motion for reduction of sentence under the amended Federal Sentencing Guidelines for cocaine base offenses." Since Steward had already filed such a motion pro se, Record Doc. No. 24, the court's general order applied to him and was entered in the record of the captioned case on the following day. Record Doc. No. 25. Steward was not the only defendant affected by the order. The effect of the order was that the relatively small public defender's office in this district was inundated with the representation of hundreds of movants like Steward.

Steward received a copy of the court's order appointing counsel and, naturally, assumed that he was represented. Record Doc. No. 45 at p. 1. Thus, when his pro se motion to reduce sentence was denied by this court by order dated April 11, 2008 and entered April 14, 2008, Record Doc. No. 26, he took no immediate action himself. This court's records establish that the order was electronically delivered to the federal public

defender on the date of its entry, but it was also separately mailed to defendant. Id. With an April 14, 2008 entry date of the appealable order, Steward's appeal should have been filed under Fed. R. App. 4(b)(1)(A) ten (10) days later, no later than April 28, 2008. Instead, under the "mailbox rule" that applies to prisoner pro se filings, Fed. R. App. 4(c)(1), Steward is deemed to have filed his pro se notice of appeal on May 14, 2008, sixteen (16) days after the putative deadline, when he placed his notice in the prison mail system where he was incarcerated.

Defendant advances two principal reasons why his delay should be attributed to excusable neglect or good cause: (1) presumed delays in receipt of the appealable order – either in the United States mail or in the internal mail delivery system of the facility in Alabama where he was incarcerated, and (2) the effect of "the sheer number of crack defendants [on this court's overburdened Federal Public Defender's Office] and the swiftness of the crack procedures adopted by this district" in the wake of the retroactive amendment of the crack offense sentencing guidelines. I find both of these reasons compelling in establishing excusable neglect and/or good cause in this case.

The failure of Steward to act timely on his own behalf was excusable for two reasons. First, he reasonably anticipated that appointed counsel would act for him. Second, the record in this case indicates that delays in fact occurred in the actual transmission from or delivery of mail to defendant within the internal mail transmission/delivery system of the prison in Alabama where defendant was incarcerated.

For example, Steward's certificate of service attached to his pro se notice of appeal declares under penalty of perjury that he placed his pro se notice of appeal "into the U.S. Postal Service Mail Box on Box on compound of FPC Montgomery, on this 14th day of May, 2008." Record Doc. No. 44-2 at p. 3 of 4. However, the postal service stamped inscription on the envelope in which his notice of appeal was enclosed indicates actual mailing by the postal service to this court on June 2, 2008, a delay of nineteen (19) days from its placement in the prison compound mailbox.

Although nothing in the record establishes exactly when Steward actually received this court's appealable order concerning his motion for sentence reduction, it is more probable than not that some internal prison delay in actual delivery of the order to him occurred. Since during that time he was "under the [correct] impression that he was represented by the Federal Public Defender," who "never contacted" him, his statement that "after several weeks elapse" (sic) he sought assistance in the jail in filing his own notice of appeal is credible. Record Doc. No. 45 at p. 1- 2. Under these circumstances, his actions on his own behalf were prompt, and his slight delay beyond the putative Rule 4 deadline was excusable and for good cause.

The failure of the federal public defender timely to file a notice of appeal for defendant is also excusable. Defense counsel's explanation is both reasonable and comports with defendant's independent pro se assertions. In his memorandum to the court, the assistant federal public defender states:

5

> [T]he Office of the Federal Public Defender was appointed to represent over 500 federal prisoners who were identified as potentially eligible for the retroactive crack reduction. Steward's case was reviewed on April 3, 2008, barely one month into the review process. The crack review team was averaging review and presentation of approximately 30 cases per week at that time. However, due to Steward's incarceration in Montgomery, Alabama, the sheer number of crack defendants, and the swiftness of the crack procedure adopted by this district, undersigned counsel had no contact with Steward and was unaware of his desire to appeal. Hence, counsel notified Steward of the court's decision by mail but did not file a notice of appeal. After receiving notice of the court's order, Steward promptly filed a pro se notice of appeal.

Record Doc. No. 44 at p. 4. In short, the office of the defender was buried by this court's order, necessitated by the retroactive sentencing guidelines amendments, in an avalanche of appointed representation of hundreds of defendants in far-flung locations distant from this district, all under tight, court-supervised time constraints.

Evaluation of the factors enumerated by the Supreme Court in <u>Pioneer</u>, made applicable to these determinations by the Fifth Circuit in <u>Clark,</u> militates in favor of a finding of excusable neglect and/or good cause under Fed. R. App. 4(b)(4). I find that the danger of prejudice to the United States in permitting the extension in this case is slight, while the prejudice to defendant in denying the extension is substantial. The length of the delay was slight, only 16 days, with an equally slight impact on these judicial proceedings. The initial request for an extension was timely. The reasons for the delay include the inundation of the Federal Public Defender's Office caused by the retroactive amendment of the crack sentencing guidelines, this court's wide-ranging appointment of

counsel order, defendant's incarceration at a prison facility far from appointed counsel, and demonstrable delays in the internal mail transmission system within the prison itself, none of which were within Steward's reasonable control. Under the peculiar circumstances of this case, I find that both Steward and his appointed counsel acted in good faith.

## RECOMMENDATION

In my view, defendant's untimely appeal should be permitted to proceed. For all of the foregoing reasons, it is **RECOMMENDED** that this court find good cause and/or excusable neglect for his untimely appeal, such that his timely motion for extension of time to appeal should be GRANTED, and the appeal may be addressed on its merits.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   25th   day of March, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE